UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| BETSY MARIE MARKHART-COLLIER | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 1:18 CV 75 RWS |
|  | ) |  |
| ANDREW M. SAUL,[1] | ) |  |
| Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## **MEMORANDUM AND ORDER**

Plaintiff Betsy Markhart-Collier brings this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of the Commissioner's decision denying Markhart-Collier's application for supplemental security income and disability insurance. Because the Commissioner sufficiently considered plaintiff's subjective complaints, and the decision is supported by substantial evidence on the record as a whole, I will affirm the Commissioner's decision.

### **I.     Procedural History**

On April 22, 2014, plaintiff filed an application for supplemental security income pursuant to Title XVI, 42 U.S.C. §§ 1381 et seq., and an application for a

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Commissioner Andrew Saul has been substituted as the defendant in this case.

period of disability and disability insurance benefits, pursuant to Title II, 42 U.S.C. §§ 401 et seq. [Tr., ECF Doc. No. 12, at 13] In both applications, plaintiff alleged November 8, 2013, as the onset date of her disability. [Id.]

Plaintiff's claims were denied on initial consideration. [Id.] On March 31, 2016, and July 19, 2016, the Administrative Law Judge ("ALJ") and plaintiff conducted video hearings. [Id.] The ALJ also determined that the claimant was not disabled from the date of disability through the date of the ALJ's decision. [Id.] Plaintiff's subsequent appeal to the Appeals Council was denied. [Id.] Plaintiff has now sought judicial review.

In this action for judicial review, plaintiff contends that the ALJ erred in his determination of her residual functioning capacity (RFC) by failing to properly consider her subjective complaints. Plaintiff asks that I reverse the ALJ's final decision and remand the matter for further consideration.

## II. Medical Records and Other Evidence Before the ALJ

With respect to the medical records and other evidence of record, I adopt plaintiff's recitation of facts set forth in her Statement of Uncontroverted Material Facts [ECF Doc. No. 19, pp. 1-41] insofar as they are admitted by the Commissioner. I also adopt the additional facts set forth in the Commissioner's Statement of Additional Material Facts [ECF Doc. No. 28-2], as they are unrefuted

2

by plaintiff. Additional specific facts will be discussed as needed to address the parties' arguments.

## III. Legal Standards

To be entitled to disability benefits, a claimant must prove that she is unable to perform any substantial gainful activity due to a medically-determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last for at least twelve continuous months. 42 U.S.C. §§ 423(a)(1)(D), (d)(1)(a). To determine whether claimants are disabled, the Commissioner evaluates their claims through five sequential steps. 20. C.F.R. § 404.1520; Pate-Fires v. Astrue, 564 F.3d 935, 942 (8th Cir. 2009) (describing the five-step process).

Steps one through three require that the claimant prove (1) she is not currently engaged in substantial gainful activity, (2) she suffers from a severe impairment, and (3) her disability meets or equals a listed impairment. 20 C.F.R. § 404.1520(a)(4)(i)-(iii). If the claimant does not suffer from a listed impairment or its equivalent, the Commissioner's analysis proceeds to steps four and five. Step four requires the Commissioner to consider whether the claimant retains the RFC to perform her past relevant work (PRW). Id. at § 404.1520(a)(4)(iv). The claimant bears the burden of demonstrating she is no longer able to return to her PRW. Pate-Fires, 564 F.3d at 942. If the Commissioner determines the claimant

cannot return to PRW, the burden shifts to the Commissioner at step five to show the claimant retains the residual functioning capacity (RFC) to perform other jobs that exist in significant numbers in the national economy. Id.; 20 C.F.R. § 404.1520(a)(4)(v).

The ALJ is required to evaluate the credibility of a claimant's testimony, including the claimant's subjective complaints of pain, prior to determining her RFC. Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001). In so doing, the ALJ is not permitted to ignore the claimant's testimony even if it is inconsistent with objective medical evidence. Basinger v. Heckler, 725 F.2d 1166, 1169 (8th Cir. 1984). After considering the claimant's testimony, the ALJ may disbelieve it if it is inconsistent with the record as a whole. Battles v. Sullivan, 902 F.2d 657, 660 (8th Cir. 1990). To properly evaluate the claimant's subjective complaints, the ALJ must consider the factors enumerated in Polaski v. Heckler:

> [The] claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions.

739 F.2d 1320, 1322 (8th Cir. 1984). While the ALJ must consider the Polaski factors, he need not enumerate them specifically. Wildman v. Astrue, 596 F.3d 959, 968 (8th Cir. 2010). When the ALJ explicitly disbelieves the claimant's testimony and gives good reasons for his disbelief, a reviewing court

will typically defer to the ALJ's finding. Casey v. Astrue, 503 F.3d 687, 696 (8th Cir. 2007). The ALJ retains the responsibility to develop the record fully and fairly in the course of the non-adversarial administrative hearing. Hildebrand v. Barnhart, 302 F.3d 836, 838 (8th Cir. 2002).

In reviewing the ALJ's denial of Social Security disability benefits, my role is to determine whether the Commissioner's findings comply with the relevant legal requirements and are supported by substantial evidence in the record as a whole. Pate-Fires, 564 F.3d at 942. "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Id. In determining whether the evidence is substantial, I must consider evidence that both supports and detracts from the Commissioner's decision. Id. As long as substantial evidence supports the decision, I may not reverse it merely because substantial evidence exists in the record that would support a contrary outcome or because I would have decided the case differently. See Johnson v. Astrue, 628 F.3d 991, 992 (8th Cir. 2011). I must "defer heavily to the findings and conclusions of the Social Security Administration." Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010) (internal citation omitted).

## IV. ALJ's Decision

In his written decision, the ALJ first found that plaintiff met the insured-status requirements of the Social Security Act through December 31, 2017. [Tr. 15-16] He then found plaintiff had not engaged in substantial gainful activity since the alleged onset date of the disability, November 8, 2013. [Tr. 16] The ALJ also concluded plaintiff suffered from the following severe impairments:

> residuals of bilateral wrist fractures with subsequent left wrist arthroscopy with limited debridement and open triangular fibrocartilage complex repair with excision of ulnar styloid nonunion and extensor carpil ulnaris (ECU) tenotomy; combination of abnormalities of the cervical, thoracic, and lumbar spine with lumbar sprain status post assault and three motor vehicle accidents; chronic obstructive pulmonary disease and asthma; fibromyalgia; combination of anxiety with panic disorder and agoraphobia, depression, attention deficit hyperactivity disorder, chronic pain disorder, and somatization disorder versus hypochondriasis[].

[Id.] The ALJ also found a number of non-severe impairments. [Id.] He determined that plaintiff's combination of severe and non-severe impairments did not reach the impairment severity contemplated in 20 C.F.R. § 404, Subpt. P, App. 1. [Tr. 17-19].

The ALJ also considered plaintiff's subjective complaints and found that her "statements about her conditions, symptoms, and the resultant limitations are less than persuasive and generally inconsistent with treatment notes." [Tr. 24] Still,

the ALJ "accommodated the [plaintiff's] subjective complaints to the greatest extent possible when compared to the evidence of record." [Id.]

The ALJ determined that plaintiff's RFC enabled her to perform "light work as defined in 20 CFR 404.1567(b) and 416.967(b)," and he listed a series of tasks she could perform and the appropriate conditions of her employment. [Tr. 19]

Based on his RFC determination, the ALJ found plaintiff was unable to perform any past relevant work. [Tr. 28] The ALJ consulted a vocational expert (VE) to assess whether jobs within the plaintiff's RFC existed in significant numbers in the national economy. [Tr. 28-29] The VE identified several such jobs that plaintiff could perform, including: dining room attendant, retail self-service store worker, small product assembly, and office cleaning positions. [Tr. 29] The ALJ therefore determined that plaintiff was not disabled within the meaning of the Social Security Act. [Tr. 29-30]

**V.  Discussion**

Plaintiff's argument focuses on the ALJ's evaluation of her subjective description of her condition. She contends the ALJ failed to sufficiently assess the credibility of her testimony according to the Polaski factors and the rules set forth in Social Security Ruling (SSR) 96-7p.[2] Plaintiff also argues the ALJ drew the

---

[2] SSR 16-3p superseded SSR 96-7p on March 16, 2016. The new ruling eliminates the use of the term "credibility" from SSA policy and clarifies that subjective symptom evaluation is not an examination of a claimant's character. SSR 16-3p was applicable to the ALJ's decision in this

7

wrong credibility inferences in the analysis he did conduct. She cites specific Polaski factors—her work history and her medication dosage, type, and side effects—as not supporting the ALJ's final determination regarding plaintiff's credibility and her RFC.

An ALJ may not dismiss a claimant's subjective complaints solely because objective medical evidence does not support them; however, he may discount the complaints if there are inconsistencies in the evidence as a whole. See Goff v. Barnhart, 421 F.3d 785, 793 (8th Cir. 2005). To evaluate a plaintiff's credibility, "the ALJ must consider the Polaski factors." Wildman v. Astrue, 596 F.3d 959, 968 (8th Cir. 2010). If the ALJ discredits a plaintiff's subjective complaints, he must make an express credibility determination explaining why he has done so. Lowe v. Apfel, 226 F.3d 969, 971 (8th Cir. 2000). However, the ALJ is "not required to discuss methodically each Polaski consideration, so long as he acknowledged and examined those considerations before discounting [a plaintiff's] subjective complaints." Id.

The ALJ's determinations regarding plaintiff's work history and medication history contain good reasoning and findings based on the record. While plaintiff focuses on two specific Polaski factors that she contends did not receive sufficient

---

case, but would not fundamentally alter the ALJ's analysis or my analysis of this ALJ opinion. The "regulations on evaluating symptoms remain unchanged." See Hash v. Berryhill, 2018 WL 4216668, *4 n.2 (E.D. MO. 2018).

treatment, the ALJ's opinion also evaluates plaintiff's credibility in light of other factors, including plaintiff's daily activities. [Tr. 28].

Furthermore, the ALJ discusses how his personal observations of plaintiff during her hearing factor into his credibility determination. [Tr. 24] "Because the ALJ [is] in a better position to evaluate credibility, [courts] defer to his credibility determinations as long as they were supported by good reasons and substantial evidence." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006) (citation omitted). Here, the ALJ's credibility determinations were supported by good reasons and substantial evidence. Accordingly, I will defer to his findings.

**A. Work History**

In the opinion, the ALJ describes plaintiff's inconsistent work history and income, including a year without income. [Tr. 26] The opinion correctly cites to the evidence in the administrative record that documents plaintiff's earning history. [Id.] The ALJ reasoned that plaintiff's inconsistent earning history supported an inference that factors other than her alleged disabilities have led to the claimant's current employment situation. [Id.]

My review of the record confirms the ALJ had substantial evidence to come to the conclusion he did. A sporadic and varied work history, including evidence of years with no earnings, may support an inference that there are other reasons than the alleged disability keeping plaintiff from being gainfully employed. C.f.

9

Woolf v. Shalala, 3 F.3d 1210, 1214 (8th Cir. 1993) (observing that a claimant's poor work history lessened her credibility).

Plaintiff argues the ALJ drew the wrong inferences from her work history. She argues that she had steady employment and wages for most of the period running from 2004 to 2013, the year she alleges she became disabled. She contends her consistent work history demonstrates her willingness to work. Plaintiff does not, however, identify evidence in the record that supports her claim that she was receiving technical training before 2004, and does not provide evidence that the ALJ was incorrect about her lack of earnings in 2011. Though plaintiff points to several years with substantial earnings, I will not second-guess the ALJ's findings regarding plaintiff's work history, because it is supported by substantial evidence from the record as a whole.

### B. Medication Use

Plaintiff asserts the ALJ erred in his discussion concerning plaintiff's medications. She contends that the ALJ failed to consider evidence demonstrating that doctors changed and increased the dosage of her pain medications over time. Plaintiff argues the ALJ should have inferred from that evidence that her condition steadily decreased over time; that finding would have supported her credibility according to the Polaski analysis.

The ALJ considered and discussed the medication evidence in the record. He explained that he found instances in which plaintiff reported improvement in her condition when she took her medication as prescribed. [Tr. 26] He also cited multiple medical reports that plaintiff continues to receive conservative medication management for her impairments, and that she has not experienced significant change or worsening in her overall condition. [E.g. Tr. 23] "Impairments that are controllable or amenable to treatment do not support a finding of disability." Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1999); See also Guiliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005) ("Evidence of effective medication resulting in relief…may diminish the credibility of claimant's complaints.").

The ALJ did not err in his consideration of Plaintiff's medication history and its effect on his assessment of her credibility. Although the ALJ did not specifically grapple with each item of evidence plaintiff cites regarding her medication dosages increasing over time, the ALJ's credibility determination and resulting opinion are ultimately supported by the record as a whole. I will not disturb the ALJ's findings even if "substantial evidence would also support a contrary outcome" on the Polaski factor regarding medication use. Johnson v. Astrue, 628 F.3d 991, 992 (8th Cir. 2011).

## VI. Conclusion

When reviewing an adverse decision by the Commissioner, a court's task is to determine whether the decision is supported by substantial evidence on the record as a whole. Davis v. Apfel, 239 F.3d 962, 966 (8th Cir. 2001). "Substantial evidence is defined to include such relevant evidence as a reasonable mind would find adequate to support the Commissioner's conclusion." Id. Where substantial evidence supports the Commissioner's decision, this Court may not reverse the decision merely because substantial evidence exists in the record that would have supported a contrary outcome, or because another court could have decided the case differently. Id.; see also Igo v. Colvin, 839 F.3d 724, 728 (8th Cir. 2016); Buckner v. Astrue, 646 F.3d 549, 556 (8th Cir. 2011).

For the reasons set out above, substantial evidence supported the ALJ's determination that plaintiff was not disabled from the alleged date of disability through the date of the opinion. I will therefore affirm the decision of the Commissioner as within a "reasonable zone of choice." Fentress v. Berryhill, 854 F.3d 1016, 1021 (8th Cir. 2017) (citing Owen v. Astrue, 551 F.3d 792, 798 (8th Cir. 2008)).

Accordingly,

**IT IS HEREBY ORDERED** that that the decision of the Commissioner is affirmed, and plaintiff's complaint is dismissed with prejudice.

A separate Judgment is entered herewith.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2019.